The **UNITED STATES** of America for the **Use and Benefit** of **FEDERAL ROOFING AND PAINTING, INC.,** Plaintiff-Appellant,

v.

**FOSTER CONSTRUCTION (PANAMA) S.A., et al., Defendants-Appellees.**

No. 71–2369
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 6, 1972.

---

* The Honorable Tom C. Clark, Associate Justice of the United States Supreme Court, Retired, sitting by designation.

* ██ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Henry L. Newell, Balboa, Canal Zone, for plaintiff-appellant.

W. J. Sheridan, Jr., Balboa Heights, Canal Zone, for defendants-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In the district court Foster, the prime contractor, was held entitled to withhold from Federal, its subcontractor, provable overhead expenses incurred by Foster from project delay caused by Federal in excess of the amount of liquidated damages recovered by the Government against Foster. We affirm.

The amount of liquidated damages which the prime contract required be paid to the Government, as owner of the project, bears no absolute relationship to the amount of overhead expenses suffered by the prime contractor because of the subcontractor's failure to timely perform its obligations under the subcontract. Therefore, this amount does not govern, as between the latter parties, unless such liquidated damage amount was adopted by the prime and subcontractor as the measure of damages for any breach of *their* agreement. While the subcontract contained a clause providing that "in general" the parties would assume the correlative positions of the parties in the prime contract, it also contained a specific proviso that payments due the subcontractor would be subject to offset for reasonable claims arising out of performance of the subcontract work. Accordingly, Foster is entitled to withhold from payment to its subcontractor Federal provable damages which it has incurred under the subcontract.

Affirmed.